# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

CHRISTOPHER L. EDWARDS,

    Plaintiff,

v.                                Case No: 5:22-cv-99-WFJ-PRL

RICKY DIXON and WARDEN,
SUMTER C.I.

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff Christopher L. Edwards Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff asserts that he is suffering from anxiety, hyper-tension, nervousness, and mental anguish due to being exposed to gun fire. *Id.* Plaintiff also seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 2).

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g)    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons and he is not under imminent danger of serious physical injury, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. §1915(g). *See, e.g.*, *Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of three federal actions previously brought by Plaintiff that qualify as "strikes" under § 1915(g): (1) *Christopher L. Edwards v. Payton Grinell*, 5:20-cv-133-Oc-34PRL (M.D. Fla.) (frivolous and failure to state a claim); (2) *Christopher L. Edwards v. Payton Grinell et al.,* 5:20-cv-123-Oc-34PRL (M.D. FLA.) (frivolous and failure to state a claim); and (3) *Christopher L. Edwards v. L.T. Edwards et al.*, 5:20-cv-165-Oc-32PRL (M.D. Fla.) (failure to state a claim). Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's complaint of anxiety, hyper-tension, nervousness, and mental anguish because of being exposed to gunfire are insufficient to warrant the imminent danger exception to dismissal. Plaintiff may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

It is now **ORDERED** and **ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida on March 7, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Plaintiff
Counsel of Record